UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| SHONTE JENKINS HUNTER, | : | Bankruptcy No. 05-39120DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 8th day of February 2006, this Court having issued a show cause order on Eddie L. Clark, III ("Clark") with regard to fees to be disgorged to Debtor and to consider other sanctions;

**And** the Court concluding that Clark's representation of Debtor in this case was grossly inadequate for the reasons stated on the record and that such conduct apparently is not confined to this one case;[1]

---

[1] Clark took training in the electronic filing of documents but rather than filed documents himself which he stated he did not know how to do, he gave his password to other attorneys to make the filings for him. He did not check to see that the filings were made. In this case, he apparently did not believe the filing was properly made since he filed hard copy the following day and claimed not to know that paper submissions would not be deemed filed. With the due date for the documents expiring on October 31, 2005, he arranged for the electronic filing on November 2 and then made the hand submission on November 3, both late. **The documents were not given to the Debtor to be reviewed nor were they signed under penalty of perjury as required by the Rules of Procedure.** When asked why, Clark stated that he did not have time to do so, apparently being unaware that timely 15 day extensions of the date to file the required documents are routinely granted. His view is that Schedules can always be amended. The Debtor claims that the Schedules were incorrect, not reflecting the information she provided. Exhibit D-1.

This case was filed under the law as existing prior to October 17. Clark took an attorney's fee and contemplated installment payments for the Debtor. The form for this Application requires

(continued...)

<u>In re Shonte Jenkins Hunter - Bankruptcy No. 05-39120DWS</u>

It is hereby **ORDERED** and **DECREED** that:

1. Clark shall disgorge the $260 Debtor paid to him and will be sanctioned an additional $50 for the filing fee Debtor paid at Clark's direction for a case that he failed to properly prosecute. A bank check (or other immediately available funds) in the amount of $310 shall be transmitted to Debtor by February 16, 2006. Clark shall file with the Clerk of Court under the above caption and case number, a certification of payment of the foregoing with a copy of the instrument evidencing payment.

2. Clark is enjoined from giving his CM/ECF password to any person.[2] Violations of this injunction shall be cause for the Clerk to disable his password without further notice.

3. Clark shall be required to take three (3) continuing education credits in bankruptcy law and procedure and certify when he has enrolled in such course and completed it, providing a copy of the course brochure.[3]

---

(...continued)
a certification that no fees have been paid to an attorney. However he never paid any fee to the court or filed any installment fee application and when the case was about to be dismissed to Debtor's surprise, he told her to pay $50, the contemplated first installment.

A review of the dockets in recent cases filed by Clark reflects an inability to properly and timely file pleadings in this Court (05-32337DWS, 05-39103KJC, 05-39108BIF, 05-39110SR). These cases were dismissed and motions to reinstate have been filed.

[2] Under the Standing Order dated April 1, 2003, an electronic filing is a certification by the filing user for purposes of Rule 9011. Paragraph 8(b) of Exhibit A to the Order specifically prohibits knowingly permitting or cause to be permitting a password by anyone other that a person under the control of the filing user.

[3] Upon inquiry Clark indicated that he has taken no instruction in the Bankruptcy Abuse Prevention and Consumer Protection Act, the new law effective October 17, 2005, and apparently has filed no case since October 16th when he filed four.

<u>In re Shonte Jenkins Hunter - Bankruptcy No. 05-39120DWS</u>

4. Until the requirement of paragraphs 1 is fulfilled and until Clark is registered for a course that meets the requirements of paragraph 3, Clark shall file no further new cases in this court.

*Diane W. Sigmund*

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

Eddie L. Clark, III, Esquire
1342 66th Avenue
Philadelphia, PA  19126-3215

Shonte Jenkins Hunter
1122 South 53rd Street
Philadelphia, PA  19143

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O. Box 40119
Philadelphia, PA 19106-0119